UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS RAY, et al.,

    Plaintiffs,

v.                                            CASE NO.: 8:13-cv-2477-T-23TBM

GEOVERA SPECIALTY
INSURANCE CO.,

    Defendant.
_____/

**ORDER**

Alleging "damages in excess of fifteen thousand dollars," the plaintiffs sued (Doc. 2) in state court and alleged breach of contract based on the defendant's refusal to cover sinkhole damage to the plaintiffs' property. The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332.

The removing defendant bears the burden of establishing facts supporting federal jurisdiction. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount-in-controversy" exceeds $75,000. *Leonard v. Enter. Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without

setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

In this action, no facts establish that the amount in controversy exceeds $75,000. The plaintiffs' complaint reveals only that the amount in controversy exceeds $15,000. And the defendant's notice of removal merely states that "[t]he applicable coverage limits for the dwelling alone . . . are $182,000.00. As such, the amount in controversy satisfies the jurisdictional requirements for diversity removal."[*] (Doc. 1 at 3) (citation omitted). However, the policy limit fails to "establish a large amount in controversy for the simple reason that the underlying plaintiff[s'] claim may be for far less than the policy limit." *Employers Mut. Cas. Co. v. Parking Towing Co.*, 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007); *see also Gutierrez v. Cooperativa De Seguros Multiples De P.R., Inc.*, 2010 WL 2510671 (M.D. Fla. 2010); *Napier v. Hartford Fire Ins. Co.*, 2009 WL 413597 (M.D. Fla. 2009); *Fernandez v. Am. Sec. Ins. Co.*, 2009 WL 3418254 (M.D. Fla. 2009).

Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** for failure of the removing party to invoke federal jurisdiction. The clerk is directed (1) to mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the clerk

---

[*] The defendant also identifies a portion of the plaintiffs' complaint that requests damages for repair to the property. However, neither the defendant nor the plaintiffs quantify those damages.

of the Circuit Court for Pasco County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on October 29, 2013.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE